# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAUL A. LIVA, JR. and LORI A. LIVA, ) <br> ) <br> Appellants, ) <br> ) <br> v. ) <br> ) <br> IRA BODENSTEIN, as Chapter 7 Trustee of ) <br> the Estate of Peregrine Financial Group, Inc., ) <br> ) <br> Appellee. ) <br> ) | Appeal from the United States <br> Bankruptcy Court for the <br> Northern District of Illinois, <br> Eastern Division, Case <br> No. 12-2744. <br><br> No. 14-cv-09008 <br><br> Judge Andrea R. Wood |

## MEMORANDUM OPINION AND ORDER

Appellants Paul A. Liva, Jr. and Lori A. Liva appeal the bankruptcy court's decision denying their Motion to Allow Proof of Claims. That motion sought, as relevant here, a determination that Appellants had satisfied the requirements for the filing of informal proofs of claims, and therefore were entitled to distributions of funds from the bankruptcy estate of debtor Peregrine Financial Group, Inc. ("PFG"), regardless of whether they filed timely formal proofs of claims. The bankruptcy court denied the motion, finding that Appellants had failed to present evidence of any communications or actions that could constitute informal proofs of claims. Appellants now contend that the bankruptcy court erred in declining to recognize their informal proofs of claims, arguing that a collection of documents that they sent to or received from various entities in fact constituted informal proof of claims. For the reasons set forth below, the Court affirms the decision of the bankruptcy court.

# BACKGROUND

## I. Bankruptcy of Peregrine Financial Group

Appellants were futures customers of PFG, a futures commission merchant ("FCM"). (A418, A008.)[1] In July 2012, PFG filed a voluntary petition for Chapter 7 bankruptcy and Appellee Ira Bodenstein was appointed Chapter 7 Trustee of the bankruptcy estate. (A008.) Appellants, as PFG futures customers, were unsecured creditors to PFG's bankruptcy estate. (Appellants' Appx. Ex.3, Dkt. No. 8-4.) At the time of its bankruptcy petition, PFG had over 24,000 customer accounts, including 17,000 futures customer accounts. (A008.)

## II. Interim Distribution by Vision

In the course of distributing the bankruptcy estate, the Trustee filed a motion ("Distribution Motion") seeking the bankruptcy court's approval to make an interim distribution to approximately 14,000 PFG futures customers, including Appellants ("Interim Distribution"). (A003.) The purpose of the Interim Distribution was to "help mitigate the harm suffered by the Futures Customers by providing them with access to some portion of their assets in advance of the formal claims process." (A019.) The Distribution Motion also sought court approval of a procedure for the Interim Distribution, by which PFG would sell the accounts in a bulk transfer to another FCM that would then distribute the funds to PFG's creditors ("Bulk Transfer"). (A014.) The bankruptcy court granted the Distribution Motion and later approved the Trustee's recommendation of an FCM called Vision Financial Markets, LLC ("Vision") to effectuate the Bulk Transfer.[2] (A26, A103.)

---

[1] For convenience, the Court adopts the pagination used in the appendix to Appellee's brief (Dkt. No. 14), and cites the record as contained in that appendix when possible.

[2] Vision was a separate FCM from PFG that was not connected to PFG, the Trustee, the claims agent, or the bankruptcy court apart from its involvement in the Bulk Transfer and Interim Distribution. (A103, A109.)

After receiving the Distribution Motion, Appellants submitted to Vision the forms necessary to receive their Interim Distribution.[3] (A261, A303–A311.) Soon after, Appellants received checks from Vision representing their share of the Interim Distribution, about one-third of the amount in each Appellant's account. (A312.)

### III. Proof of Claims Process

During this same time period, the Trustee sought and the bankruptcy court granted an order establishing the process for creditors to file proofs of claims against the bankruptcy estate. (A032.) This order approved Rust Consulting/Omni Bankruptcy ("Rust Omni") as the Trustee's claims agent and fixed November 16, 2012 as the deadline for filing a proof of claim (*i.e.*, the claims-bar date). (A032, A099.) Rust Omni served a notice on all persons and entities with claims against PFG that identified the claims-bar date and expressly provided that PFG customers "**MUST** file a proof of claim to share in distributions from the Debtor's bankruptcy estate." (A084 (emphasis in original).)[4] The notice provided that all claims must be either submitted electronically through the Trustee's website or sent to the Trustee through Rust Omni

---

[3] As further discussed *infra*, Appellants claim in their appellate brief and their motion in the bankruptcy court that, after they received the Distribution Motion, they "thereafter exchanged various email correspondence with Rust Omni (PFG's claims and noticing agent) and Vision . . . with respect to the proposed partial distribution of futures funds authorized by the Court." (Appellants' Br. at 5.) However, Appellants did not provide copies of any such emails to the bankruptcy court or to this Court. (A420.) The bankruptcy court cited the fact that Appellants had not produced any evidence of correspondence with the claims agent in declining to recognize Appellants' purported informal proofs of claims. (*Id.*)

[4] The Court notes that the notice included in both parties' appendices appears to be an undated draft notice submitted by the Trustee to the bankruptcy court for approval. (A084; Appellants' Appx. Ex. 9, Dkt. No. 8–10.) The record contains an affidavit from a Rust Omni representative stating that PFG customers were served with the claims-bar notice via email. (A399.) Neither Appellants nor Appellee included such emails in their exhibits, however Appellants do not dispute that they received the notice, including of the claims-bar date. (A419.); *see also In re Leventhal*, No. 10-B-12257, 2012 WL 1067568, *4 (Bankr. N.D. Ill. Mar. 22, 2012) (service through email is presumed to have been received). The Court will assume that the substance of the notice received by Appellants was the same as the draft notice included by both parties in the record here.

via certified mail, return receipt requested. (A086.) Appellants do not dispute that they received this notice. (A419.)

On November 5, 2012, the Trustee sought an order extending the claims-bar date, noting that he believed customers who received the Interim Distribution from Vision may have been confused about the need to file a formal proof of claim. (A113–A117.) The bankruptcy court issued an order extending the bar date to December 14, 2012. (A119.) Rust Omni served notice of the extended bar date to former PFG customers, indicating:

> **YOU MUST FILE A PROOF OF CLAIM TO SHARE IN DISTRIBUTIONS FROM THE DEBTOR'S BANKRUPTCY ESTATE REGARDLESS OF WHETHER ANY FUNDS IN YOUR ACCOUNT MAY HAVE BEEN TRANSFERRED TO VISION FINANCIAL MARKETS, LLC.**

(*Id.* (emphasis in original).) Appellants do not dispute that they received this second notice, yet they did not submit any additional documents. (A419.)

A year later, in November 2013, Appellants learned that the Trustee made another distribution to futures account holders, and when Appellants did not receive the distribution, they were advised by a representative of Trustee's counsel that they did not receive a distribution because they had not filed proofs of claims. (A268.)

### IV. Bankruptcy Court's Decision

Appellants subsequently filed with the bankruptcy court their Motion to Allow Proof of Claims that is the subject of this appeal. (A258.) The Trustee filed an objection. (A388.) Appellants first asserted that they *had* filed timely formal proof of claim forms, claiming that on October 5, 2012, after receiving notice of the claims-bar date, they "prepared and, on information and belief, delivered to Rust Omni" proof of claim forms for Appellants, as well as for Paul

Liva, Sr., who is Appellant Paul Liva, Jr.'s father.[5] (A267–A268.) Rust Omni acknowledged receipt of Paul Liva, Sr.'s proof of claim but denied that it received proofs of claims for Appellants. (A419.) In considering Appellants' motion, the bankruptcy court reasoned that had Appellants sent proof of claim forms to the claims agent by certified mail with return receipt requested, as required by the court's order, then they would have proof of their mailing: "They have no such proof, their affidavits provide no basis for concluding that they did mail the forms by the proper method . . . and there is no evidence that Rust Omni ever received the proofs of claim." (*Id.*) The court found that Appellants therefore had not filed timely formal proofs of claims.[6] (*Id.*) Appellants do not appeal that decision.

Appellants next argued that they had "satisfied the requirements for establishing an informal proof of claims." (A265.) The bankruptcy court disagreed, finding that Appellants had not met the requirements for informal proofs of claims because "[t]here is nothing that was filed, done, communicated pre-bar date, after two bar date notices that could possibly meet the elements for an informal proof of claim." (A423–A424; *see also* A419–A420.) This appeal follows.

## DISCUSSION

"District courts sit as appellate courts when hearing appeals from bankruptcy courts." *Hijjawi v. Fine N. Wabash Condo. Ass'n*, 491 B.R. 876, 880 (N.D. Ill. 2013) (citing *In re Neis*, 723 F.2d 584, 588 (7th Cir. 1983)). Generally, this Court reviews the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Kovacs v. United States*, 739 F.3d 1020, 1023 (7th Cir. 2014). In addition, the informal proof-of-claim doctrine is an equitable doctrine

---

[5] Paul Liva, Sr. was not a movant below and is not a party here.

[6] In deciding Appellants' claims, the bankruptcy court determined that the relevant facts were not in dispute and therefore an evidentiary hearing was not necessary. (A420.)

5

and thus this Court reviews the bankruptcy court's decision declining to find an informal proof-of-claim under an abuse of discretion standard. *In re marchFIRST, Inc.,* 573 F.3d 414, 418 (7th Cir. 2009) ("The informal proof-of-claim doctrine is an equitable doctrine . . . ."); *Matter of Unroe*, 937 F.2d 346, 350 (7th Cir. 1991) (noting, in the context of a Chapter 13 bankruptcy appeal, that a bankruptcy judge's decision to allow an informal proof of claim is an equitable decision reviewed for an abuse of discretion); *In re Boone Cty. Utilities, LLC*, 506 F.3d 541, 545 (7th Cir. 2007) (applying abuse-of-discretion standard to bankruptcy court's decision on an informal proof-of-claim). "In general terms, a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied." *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004); *see also Matter of Geraci*, 138 F.3d 314, 319 (7th Cir. 1998) ("[W]e may make [an abuse of discretion finding] only if we are convinced that no reasonable person could agree with the bankruptcy court.").

As a general matter, in a Chapter 7 bankruptcy, an unsecured creditor must file a formal proof of claim that meets all Bankruptcy Code requirements by the claims-bar date, or the claim will be subordinated to the full payment of timely-filed claims. 11 U.S.C. § 726(a)(3). However, "[t]he informal proof-of-claim doctrine is an equitable doctrine that permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim." *In re marchFIRST, Inc.,* 573 F.3d at 418. That is, where a creditor attempts to file a timely proof of claim but "fail[s] to adhere to the strict formalities of the Bankruptcy Code," the doctrine "permits a bankruptcy court to treat the [deficient] pre-bar date filings of a creditor as an informal proof of claim which can be amended" with a correct filing after the claims-bar date. *In re Nowak*, 586 F.3d 450, 455 (6th Cir. 2009) (internal quotations omitted).

As the bankruptcy court recognized below, the Seventh Circuit has not adopted a particular set of requirements for an informal proof of claim. (A418.) *See In re Boone Cty. Utilities, LLC*, 506 F.3d 541, 544–45 (7th Cir. 2007). The Seventh Circuit has recognized various factors considered by other circuits, including that "the document must inform the court of the existence, nature, and amount of the claim and make clear the debtor's intention to hold the debtor liable for the claim," and that the "proof of claim must be in writing, it must contain a demand on the debtor's estate, it must express an intent to hold the debtor liable for the debt, and it must be filed with the bankruptcy court." *Id.* at 545 (citing *In re Charter Co.*, 876 F.2d 861 (11th Cir. 1989); *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604 (6th Cir. 2000)). As the bankruptcy court noted, the various formulations all require that, at the very least, a claimant must have made a request for payment evidencing intent to hold the debtor liable for the claim. (A418.) *See Wilkens v. Simon Bros., Inc.*, 731 F.2d 462, 465 (7th Cir. 1985) (per curiam) (noting, in the context of Chapter 13 bankruptcy, "[t]he general rule [for an informal claim] is that a claim arises where the creditor evidences an intent to asserts its claim against the debtor"); *In re Nowak*, 586 F.3d at 455 (a creditor must have "made filings that put all parties on sufficient notice that a claim is asserted by a particular creditor") (internal quotations omitted)).

On appeal, Appellants contend that three documents, taken collectively, are sufficient to constitute an informal proof of claim: (1) the Distribution Motion, (2) the completed forms submitted by Appellants to Vision, and (3) the Interim Distribution payment by Vision received by Appellants.[7] (Appellants' Br. at 8, 10.) Specifically, Appellants contend that the Distribution

---

[7] In their Reply Brief, Appellants seem to alter their argument to suggest that their submission of forms to Vision alone constitutes an informal proof of claim. (Appellants' Rep. at 4, 6.) It is unclear whether this is a new argument raised for the first time on appeal or on reply, because it is not clear from Appellants' briefs in the bankruptcy court which documents they were suggesting constituted an informal proof of claim. (*See* Appellants' Appx. Ex. 2, Dkt. No. 8-3 at 4–9.) In any event, the bankruptcy court's decision was not premised on the particular combination of documents argued by Appellants, but rather on the lack

7

Motion reflects the Trustee's and the bankruptcy court's awareness of Appellants' claims, while the forms submitted to Vision and the checks received from Vision and deposited by Appellants evidenced Appellants' intent to hold PFG liable for their debts. Appellants further argue that there is no distinction between this combination of documents and the documents that the bankruptcy court deemed sufficient to constitute an informal proof of claim for purposes of a motion by another PFG futures customer, Damien Ryan ("Ryan").

However, Appellants themselves acknowledge a key difference between Damien Ryan's claim and that asserted by Appellants here: "Ryan's communication with Rust Omni prior to the claims[-]bar date." (*Id*. at 12–13.) And the bankruptcy court found that it was precisely those emails with Rust Omni that "evidenced [Ryan's] intent to assert his claim against Peregrine by transmitting his account number, a copy of his last statement from Peregrine showing the total in his account, a statement of his intention to be paid and his bank account routing information for the purpose of receiving a distribution." (A420.) The bankruptcy court, in denying Appellants' motion to allow an informal proof of claim, found that Appellants could not point to evidence of *any* such communication with the claims agent, Trustee, bankruptcy court, or debtor. As that court explained, although Appellants claimed in their brief and affidavits that they had communicated via email with Rust Omni about their claims,

> [Appellants] have not been able to produce copies of any emails. Rust Omni has no record of any communications from the Livas . . . . Bald, unsupported assertions by the Livas without any documentation to establish the elements of an informal proof of claim are not sufficient to warrant an evidentiary hearing.

(*Id*.)

---

of any documents meeting the requirements of an informal proof of claim. Thus, any argument that Appellants' submission of forms to Vision, by itself, constitutes an informal proof of claim fails for the same reasons as explained here.

This factual finding by the bankruptcy court was not clear error, and the resulting decision to deny Appellants' motion was not an abuse of discretion. This Court agrees with the bankruptcy court's finding that Appellants have not pointed to any communications with the debtor, Trustee, claims agent, or bankruptcy court that could potentially constitute an informal proof of claim. Indeed, two of the three documents that Appellants claim constitute their informal proof of claim are documents submitted *to* Appellants (along with, presumably, over 20,000 other PFG customers) from the Trustee and Vision. *See, e.g.*, *In re Griffin Trading Co.*, 270 B.R. 883, 900 (N.D. Ill. 2001) (Trustee's motion to bankruptcy court seeking authority to use estate assets to pay customer claims did not constitute informal proof of claim because it did not "evidence the [creditors'] intention to hold the estate liable"). To hold that documents submitted to creditors from a debtor or trustee in the ordinary course of a bankruptcy proceeding may constitute an informal proof of claim would significantly impact the efficient judicial administration of bankruptcy proceedings. *See In re Outboard Marine Corp.*, 386 F.3d 824, 829 (7th Cir. 2004) ("[M]aking exceptions for claimants that do not comply with the requirements of the claims procedure may adversely impact efficient judicial administration in a large bankruptcy like this one, and the bankruptcy court is in the best position to weigh these considerations."). And considering that PFG had 14,000 customers eligible for the Interim Distribution from Vision—many of which presumably submitted to Vision the same forms that Appellants contend contributed to their informal proof of claim—holding that this combination of documents (or the Vision forms operating alone) constitute an informal proof of claim would surely prejudice creditors that filed timely proofs of claims. *See Matter of Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993) (noting that informal proofs of claims should only be permitted "provided that other creditors are not harmed by the belated completion of the filing," and that allowing a new proof

9

of claim under the guise of an amendment would prejudice creditors). In any event, none of the documents identified by Appellants reflect a request for payment evidencing an intent to hold the debtor liable, *e.g.*, *Wilkens*, 731 F.2d at 465, and therefore the bankruptcy court did not abuse its discretion in finding that Appellants' documents did not meet any test for informal proof of claims.

## CONCLUSION

For the foregoing reasons, the bankruptcy court's finding that Appellants had not filed informal proofs of claims was not an abuse of discretion and the judgment of the bankruptcy court is AFFIRMED.

ENTERED:

Dated: September 27, 2017

Andrea R. Wood
United States District Judge